IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GERARDO TOMAS RIVAS, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:16-CV-051-O |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gerardo Tomas Rivas, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In December 2008, in the Criminal District Court Number Four of Tarrant County, Texas, Case Nos. 1137002, 1137003, and 1137004, Petitioner was indicted on two counts of possession with intent to deliver a controlled substance and one count of possession of a controlled substance. Adm. R., Clerk's Rs. 2, ECF Nos. 16-1, 16-2 & 16.3. On August 14, 2009, Petitioner entered open pleas of guilty to the trial court and, on October 30, 2009, following preparation of a presentence investigation report, the trial court deferred findings of guilt and placed Petitioner on ten years' deferred adjudication community supervision in all three cases. *Id.* at 31. Less than a year later, Petitioner was arrested on new drug charges after a "dog sniff" at his front door led to a search and seizure of contraband in his apartment. Adm. R., Op. 1, ECF No. 16-15. Thereafter, on October 18,

2010, the state petitioned to proceed to adjudication of guilt in all three cases. *Id.*, Mem. Op. 3, ECF No. 15-15 & Clerk's Rs. 39, ECF Nos. 16-1, 16-2 & 16-3. On May 9, 2011, following a hearing and the denial of Petitioner's motion to suppress, the trial court adjudicated Petitioner's guilt and assessed his punishment at 12 years' confinement in each case. *Id.*, Clerk's Rs. 46, ECF Nos. 16-1, 16-2 & 16-3. Petitioner appealed the judgments adjudicating guilt, but, on November 15, 2012, the Second District Court of Appeals of Texas affirmed the judgments. *Id.*, Mem. Op. 15, ECF No. 15-15. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. *Id.*, Docket Sheet 2, ECF No. 15-3. Therefore, the judgments adjudicating guilt became final on Monday, December 17, 2012. TEX. R. APP. P. 68.2.

Meanwhile, in November 2010 Petitioner was indicted in the same court in Case Nos. 1215971D and 1215973D on the new drug charges—two counts of possession with intent to deliver a controlled substance. Adm. R., Clerk's Rs. 2, ECF Nos. 15-8 & 15-9. On December 6, 2011, after reurging his motion to suppress to no avail, Petitioner entered open pleas of guilty to the trial court, and the trial court assessed his punishment at 17 years' confinement in each case. *Id.* at 18. Petitioner appealed the trial court's judgments and the Second District Court of Appeals affirmed, but the Texas Court of Criminal Appeals remanded the cases in light of the Supreme Court's March 26, 2013, decision in *Florida v. Jardines,* 133 S. Ct. 1409 (2013), holding that the government's use of drug-sniffing dogs around an individual's residence is a search under the Fourth Amendment. Adm. R., Op. 1-2, ECF No. 16-15. On remand, the Second District Court of Appeals again affirmed the trial's court judgments and, on October 30, 2014, denied Petitioner's motion for rehearing en banc. *Id.*, Docket Sheet 2, ECF No. 15-2. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. *Id.*, Docket Sheet, ECF No. 13-1. Therefore, the judgments

2

of conviction became final on Monday, December 1, 2014. TEX. R. APP. P. 68.2.

On July 30, 2015, Petitioner filed a petition for writ of mandamus in the Texas Court of Criminal Appeals, again raising his Fourth Amendment claims, which was denied without written order. *Id.,* Writ 18, ECF No. 13-13 & Action Taken, ECF No. 13-14. This federal habeas petition challenging his convictions on Fourth Amendment grounds was filed on December 30, 2015.[1] Pet. 10, ECF No. 3. Petitioner seeks review of alleged Fourth Amendment and civil rights violations, release with time served, and damages. Pet. 6-7, ECF No. 3. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Answer 6-13, ECF No. 17.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[1] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the federal petition, Petitioner asserts that the document was placed in the prison mailing system on August 23, 2015. Pet. 10, ECF No. 3. As such, the petition is deemed filed on that date.

3

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of subsections (A) and (C) and/or statutory or equitable tolling, Petitioner asserts that the trial court's judgments did not become final until the state appellate court issued its mandates under subsection (A); that the Supreme Court's March 26, 2013, decision in *Florida v. Jardines,* 133 S. Ct. 1409 (2013), recognizes a new constitutional right applicable to cases on collateral review; that his mandamus petition tolled the limitations period; and that he, as a pro se litigant, was unaware that he could file a petition for discretionary review following the state appellate court's denial of his motion for rehearing. Pet'r's Reply 2, 4, 6 ECF No. 26.

First, for purposes of subsection (C), the Court finds no authority that *Jardines,* decided on March 26, 2013, has been determined to be retroactively applicable to convictions which became final prior to the date of the decision. *See United States v. Johnson,* 457 U.S. 537, 562 (1982) (holding that a decision of the Supreme Court "construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered"). Therefore, the case is not retroactively applicable to the judgments adjudicating Petitioner's guilt in Case Nos. 1137002, 1137003, and1137004. Petitioner had the benefit of the case on direct appeal in Case Nos. 1215971D and 1215973D.

Further, under subsection (A), applicable to this case, the limitations period begins to run on the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking further direct review. The date the state appellate court issued its mandate is of no consequence. *Robert v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003). A state judgment becomes final, for purposes of the one-year limitations period for filing a federal habeas corpus petition, when the time for seeking direct review expires, regardless of when the state court issues its mandate. *Flores v. Quarterman,* 467 F.3d 484 (5th Cir. 2006). Therefore, to the extent Petitioner challenges his convictions in Case Nos. 1137002, 1137003, and 1137004, the judgments adjudicating guilt became final on Monday, December 17, 2012, upon expiration of the time that Petitioner had for filing a petition for discretionary review, triggering limitations, which expired one year later on December 17, 2013. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before December 17, 2013, absent any tolling.

To the extent Petitioner challenges his convictions in Case Nos. 1215971D and 1215973D, the judgments of conviction became final on Monday, December 1, 2014, upon expiration of the time that Petitioner had for filing a petition for discretionary review, triggering limitations, which expired one year later on December 1, 2014. *See id.* Accordingly, Petitioner's federal petition was due on or before December 1, 2015, absent any tolling. Petitioner's mandamus petition does not constitute "other collateral relief" so as to toll the limitations period under the statutory provision in § 2244(d)(2). Pet. 9, ECF No. 3; Pet'r's Reply 2, 10- ECF No. 26; *Moore v. Cain,* 298 F.3d 361, 367 (5th Cir. 2002). Accordingly, the instant petition is untimely unless Petitioner can demonstrate that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although

pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner's pro se status, ignorance of the law, and lack of knowledge of filing deadlines do not support equitable tolling. *Felder v. Johnson,* 204 F.3d 168 (5th Cir. 2000). Petitioner fails to demonstrate that he was prevented in some extraordinary way from asserting his rights in state or federal court, and the record reveals none. Nor does he produce new evidence in an attempt to show he is actually innocent of the offenses for which he was convicted. *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Accordingly, Petitioner's federal petition as it relates to his convictions in Case Nos. 1137002, 1137003, and 1137004 was due on before December 17, 2013, and his petition filed on December 30, 2015, is untimely. Likewise, Petitioner's federal petition as it relates to his convictions in Case Nos. 1215971D and 1215973D was due on or before December 1, 2015, and his petition filed on December 30, 2015, is untimely.

To the extent Petitioner alleges civil rights violations and seeks damages, he may raise his claims in a complaint under 42 U.S.C. §1983.

### III. CONCLUSION

For the reasons discussed herein, to the extent the petition contains habeas claims, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. To the extent the petition contains civil rights claims under 42 U.S.C. § 1983, the petition is **DENIED** without prejudice so that Petitioner may properly raise the claims in a civil rights

6

proceeding. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 13th day of April, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**